IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TYRONE GREEN,

    Plaintiff,

v.

RAYMOND BURKHART,
JOHN HAGGERTY, JOHN GILARA,
DANIEL PACK, JOHN CHILES, and
SERGEANT CHERNOSKY,

    Defendants.

1:14cv0159
ELECTRONICALLY FILED

**MEMORANDUM ORDER RE:
DEFENDANTS' OBJECTIONS FILED AT DOC. NOS. 186 AND 194
AND PLAINTIFF'S MOTIONS FOR RECONSIDERATION
FILED AT DOC. NOS. 196 AND 197
AND MOTION FOR EXTENSION OF TIME FILED AT DOC. NO. 195**

The trial of this *pro se* prisoner matter will commence on July 17, 2017. Doc. No. 152. Pending before the Court are Motions and Objections filed by both Parties concerning several pretrial matters.

**I. Defendants' Objections to the Final Jury Instructions (Doc. Nos. 186 and 194)**

Defendants object to the Court's ruling providing a spoliation instruction regarding the destroyed video evidence relevant to Plaintiff's failure-to-intervene claim. Doc. No. 194. Defendants also object to the inclusion of a jury instruction for punitive damages. *Id.* and Doc. No. 186.

The Court will treat Defendants' objection to the spoliation instruction as a motion for reconsideration. To establish that a court should reconsider a previous order, a movant must set forth (1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the Court entered judgment; or (3) the need to correct a clear error of law or

fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 678 (3d Cir. 1999)).  Here, Defendants do no more than re-state arguments previously considered by both the undersigned District Judge and United States Magistrate Judge Baxter when determining that spoliation of evidence had occurred and that appropriate sanctions should be imposed.  Although Defendants have repeatedly argued that the vestibule video showing the assault on Plaintiff is sufficient to show that Defendant Chernosky responded to the assault within approximately 15 seconds, the destroyed yard video would have shown, *inter alia*, what the Defendant was doing immediately prior to the assault, and whether 15 seconds was a reasonable response time under the circumstances.  Accordingly, Defendants' request to remove the spoliation instruction is DENIED.

Defendants' objection to the inclusion of the punitive damages instruction is DENIED WITHOUT PREJUDICE and may be raised again at the close of Plaintiff's case in chief or at the close of trial, as appropriate.

## II. Plaintiff's Motion for Reconsideration of the Court's Memorandum Order Concerning Exhaustion of Administrative Remedies for Grievance Numbers 512413 and 518644 and Dismissal of Defendants Cole and Ennis (Doc. No. 196)

Plaintiff seeks reconsideration of the Court's Memorandum Order, doc. no. 171, finding that he failed to exhaust administrative remedies for Grievance Numbers 512413 and 518644. Doc. No. 196.  Plaintiff again raises arguments concerning a box of legal materials allegedly containing the grievances and responses that went missing on July 17, 2014.  Doc. No. 196. Plaintiff's argument in this motion is entirely irrelevant to Grievance Number 518644 - - for which credible evidence was offered to show that he would have received the response to said

grievance sometime August 13, 2014, and it therefore could not have been included in the box of materials that went missing on July 17, 2014.  Doc. No. 171.

Regarding Grievance Number 512413, Plaintiff fails to show a change in controlling law, evidence that was unavailable at the time of the *Small* hearing to decide this matter, or the need to correct a clear error of law or fact.  *See Lazaridis*, 591 F.3d at 669.  Accordingly, his Motion for Reconsideration of the Memorandum Order at doc. no. 171 is DENIED.

Plaintiff also seeks reconsideration of the dismissal of Defendants Cole and Ennis regarding his claims that the prison Program Review Committee ("PRC") did not give him a prompt hearing and retaliated against him by failing to investigate his assault or give him a prompt hearing.  Doc. No. 196.  These matters were decided in District Judge Rothstein's Memorandum Order adopting the Magistrate Judge's Report and Recommendation granting summary judgment to Defendants for several claims, including the claims related to the PRC.  Doc. No. 127.

Plaintiff argues that only his claim that the PRC failed to give him a prompt hearing was dismissed, and not the retaliation claim.  Doc. No. 196.  That is not the case.  The Magistrate Judge considered "[a] retaliation claim against Haggerty, Ennis, Horton, Cole, and Oberlander based on the denial of a program review committee hearing" and found that "[s]ummary judgment should be granted in favor of Defendants on this claim."  Doc. No. 122, pp. 13-14.  Accordingly, Plaintiff's Motion for Reconsideration of the dismissal of Defendants Cole and Ennis is DENIED.

### III. Plaintiff's Notice to Court Concerning Reconsideration of the Court's Memorandum Order Granting Plaintiff's Motion for Spoliation Sanctions

Plaintiff's Notice to Court, doc. no. 197, is being treated as a Motion to Reconsider the Court's prior orders denying several requests by Plaintiff for additional spoliation sanctions related to the missing box of legal materials. Magistrate Judge Baxter granted in part Plaintiff's motion for spoliation sanctions regarding items allegedly contained in the missing box of legal materials. *See* Text Order filed 11/19/2014 and referring to the hearing held on the matter on the same date. The undersigned District Judge has previously ordered that all matters regarding sanctions have been either denied or adequately addressed by the Court. *See* Doc. Nos. 163 and 182.

Plaintiff claims that he had several written statements in the missing box that would prove that Defendants were retaliating against him. Doc. No. 197. Defendants address this matter in their Motion in Limine Concerning Plaintiff's Trial Exhibits, doc. no. 187. They assert as follows:

> For all of these [statements by Defendants] allegedly lost, *none* were lost by a defendant, *all* were allegedly lost *before* Plaintiff initiated this lawsuit, and *no one* involved in the copying process [during which the materials were allegedly lost] had any notice of the lawsuit. It also defies credulity that Plaintiff had written evidence by the Defendants confirming that they were taking actions violating his constitutional rights, this evidence conveniently got lost by other people before there was any lawsuit who had no notice or reason to believe there would be a future lawsuit, and Plaintiff remembered *exactly* what these Defendants wrote over half a year later when he answered the Interrogatories. Furthermore, somehow all of Plaintiff's legal material was subsequently lost in the box, and yet the original request slips [but not the responses with Defendants' statements] uniquely remained in Plaintiff's possession in some other place and so were not lost in the box.

Doc. No. 187, pp. 5-6.

The Court finds that Plaintiff's arguments lack credibility and DENIES his request to reconsider the previous orders denying spoliation sanctions for these allegedly missing pieces of documentary evidence.

IV. **Plaintiff's Motion for Extension of Time to File Pretrial Documents**

Asserting difficulty in preparing for this case due to his repeated transfer between state correctional institutions, Plaintiff seeks more time to file certain pretrial documents. This motion is DENIED AS MOOT. The Court will provide Plaintiff with the opportunity to present arguments regarding the Jury Instructions, Voir Dire, and other pretrial matters at the rescheduled pretrial conference on June 29, 2017 at 9:00 AM.

SO ORDERED, this 29th day of June, 2017,

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All ECF Registered Counsel of Record
**TYRONE GREEN**
EP-4593
SCI ALBION
10745 ROUTE 18
ALBION, PA 16475
PRO SE