IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TYRONE GREEN,

    Plaintiff,

        v.

RAYMOND BURKHART,
JOHN HAGGERTY, JOHN GILARA,
DANIEL PACK, JOHN CHILES, and
SERGEANT CHERNOSKY,

    Defendants.

1:14cv0159
ELECTRONICALLY FILED

**MEMORANUM ORDER RE: DEFENDANTS'
MOTIONS IN LIMINE CONCERNING PLAINTIFF'S TRIAL EXHIBITS AND
AMENDED TRIAL WITNESS LIST (DOC. NOS. 187 AND 189)**

Pending before the Court are Defendants' Motion in Limine Concerning Plaintiff's Trial Exhibits, doc. no. 187, and Defendants' Motion in Limine Concerning Plaintiff's Amended Trial Witness List, doc. no. 189. The Court has considered Defendants' Motions, responses provided by the Plaintiff at the Pretrial Conference on June 29, 2017 at 9:00 AM, and the oral arguments of the Parties.

**I. Plaintiff's Trial Exhibits**

Defendants object to two categories of exhibits: "(1) those exhibits dealing with claims that have already been dismissed from this case; and (2) those exhibits dealing with alleged spoliation of documents." Doc. No. 187. The Court finds that the following exhibits or portions of exhibits concern claims that have previously been dismissed from this lawsuit, and Defendants' objections to these documents will be sustained because the exhibits are irrelevant to the claims and issues remaining in this lawsuit:

- Exhibit 2, which concerns the previously dismissed claim that Plaintiff was not seen quickly enough by the Program Review Committee (PRC) (see Doc. No. 127);
- Pages 10-16 of Exhibit 3, concerning the PRC;
- Exhibit 4, which concerns the previously dismissed claim that Plaintiff was denied a promotional transfer (see Doc. No. 171); and
- Exhibit 5, which concerns the previously dismissed claim regarding copies of Plaintiff's legal materials being allegedly destroyed (see Doc. No. 171).

Defendants' objection to Exhibit 6 page 27 is overruled. Defendants claim that this document is only relevant to the previously dismissed claim regarding Plaintiff's placement in the restricted housing unit in February 2014. However, the document is a "Legal Mail Tracking Sheet" and nothing about the document ties it to that particular claim.

Defendants also object to Plaintiff's Exhibit 0 - - which is several documents related to Plaintiff's request for spoliation sanctions concerning a box of his legal materials that went missing. The Court has previously found that all of Plaintiff's requests for spoliation sanctions have been either denied or adequately addressed by previous court orders during the lengthy litigation of this case. See Doc. Nos. 200, 182, and 163. Accordingly, the Court finds that these exhibits are irrelevant and sustains Defendants' objection.

The Parties shall file a revised Joint Exhibit List on ECF in accordance with these rulings, and Defendants shall deliver copies of the exhibits in three (3) binders (one each for the Court, Court Reporter, and the Jury) to Chambers by Wednesday, July 12 at 12:00 PM (noon).

**II. Plaintiff's Amended Trial Witness List**

Plaintiff has set forth an Amended Witness List which includes 27 proposed trial witnesses in addition to the six (6) Defendants, but very little information regarding the expected

testimony of each witness. Defendants object to 24 of the proposed witnesses. At the June 29, 2017 pretrial conference, the Court worked through the proposed testimony of, and the objections to, each witness with the Parties and makes the following rulings:

1. Major Ennis

    Plaintiff proposes calling Major Ennis to testify about Plaintiff's grievance regarding the alleged delayed return of a loaner television to him. In Defendants' Motion, they state that Ennis is mentioned in the response to Plaintiff's grievance, *i.e.*, "when confirmation was received from Major Ennis of your loaner approval, Lt. Haggerty called you up . . .[.]" [Doc. No. 189](). The Court finds that Major Ennis's testimony regarding Plaintiff's approval to have a loaner television and the subsequent events that resulted in the "withholding [of] a loaner TV for two months" as Defendants describe, *id.*, is relevant to Plaintiff's claim of retaliation. Defendants' objection to this witness is OVERRULED.

2. Capt. Mohrey

    Plaintiff proposes calling Capt. Mohrey to testify about his investigation of a grievance regarding a pair of Plaintiff's boots that were confiscated. The Court agrees with Defendants that this testimony would be cumulative to other evidence. Defendants' objection to this witness is SUSTAINED.

3. Officer Sible

    Plaintiff proposes calling Officer Sible to testify about grievances concerning his lost property. In at least one grievance response, Sible describes how he and Defendant Gilara handled the inventory of Plaintiff's property. The Court finds

that this testimony is relevant to Plaintiff's claims and OVERRULES Defendants' objection to this witness.

4. Officer Gotto

    Plaintiff did not include Officer Gotto on his Amended Witness List, however, he stated at the June 29th pretrial conference that this was an oversight and that Officer Gotto can provide testimony relevant to his claim that his loaner television was withheld for more than two months in retaliation against him for filing grievances and lawsuits. The Court OVERRULES Defendants' objection to this witness.

5. Supt. Overmyer

    Plaintiff proposes calling Supt. Overmyer to testify about his grievances and his denial of promotional transfer claim, which has been dismissed. *See* Doc. No. 171. Supt. Overmyer has no direct personal knowledge regarding the facts related to the grievances (or claims in this lawsuit), and his testimony would be inadmissible hearsay. Defendants' objection to this witness is SUSTAINED.

6. Ian Gustafson - - no objection to this witness

7. Dorina Varner

    Plaintiff also proposes calling Dorina Varner to testify about his grievances. Similar to Supt. Overmyer, Varner has no direct personal knowledge regarding the facts related to the grievances and her testimony would be inadmissible hearsay. Defendants' objection to this witness is SUSTAINED.

8. Corrections Officer Dyne

   Plaintiff proposes calling Officer Dyne to testify about his eyeglasses that were allegedly destroyed. A response to Plaintiff's grievance regarding his eyeglasses indicates that Dyne "picked up Plaintiff's eyeglasses after the assault and turned them into the control bubble, so they could be turned in to the Security Office." [Doc. No. 189](). The Court finds that Dyne's testimony concerning what happened to Plaintiff's eyeglasses is potentially relevant; however, Dyne can offer no more than that she transported the eyeglasses from the location of the assault to the control bubble. This information is already contained in the documentary evidence that will be admitted at trial. Further, Defense Counsel agreed to stipulate that Dyne picked up the eyeglasses and turned them into the control bubble. Accordingly, this witness's testimony would be cumulative and unnecessary and the objection will be SUSTAINED.

9. Corrections Officer Moore

   Plaintiff proposes calling Officer Moore to testify about his allegedly destroyed eyeglasses and because he was one of the officers who responded to the assault of Plaintiff by other inmates. Defendants argue that Moore did not pick up Plaintiff's eyeglasses, and that he responded to the assault *after* Defendant Chernosky - - who is the Defendant in Plaintiff's failure to intervene claim. Accordingly, the Court finds that Moore's testimony would be irrelevant to establish whether or not Defendant Chernosky responded to the assault in a reasonable manner. The objection to this witness is SUSTAINED.

10. Corrections Officer Ry Bell

    Plaintiff also proposes calling Officer Bell to testify about Chernosky's response to the assault by other inmates. Similar to Moore, Officer Bell responded to the assault *after* Defendant Chernosky - - who is the Defendant in Plaintiff's failure to intervene claim. Accordingly, the Court finds that Bell's testimony would be irrelevant to establish whether or not Defendant Chernosky responded to the assault in a reasonable manner. Bell's proposed testimony concerning Plaintiff's "escort to medical and RHU" is irrelevant as that claim was dismissed. Plaintiff argued that the grievance responses state that Defendant Chernosky searched the inmates that assaulted Plaintiff, but that the video shows that Bell and Officer Thornton searched the inmates. The video will be shown at trial. Further, Defense Counsel does not object to the use of the reports, included in Plaintiff's Exhibit 1, by Plaintiff at trial. Accordingly, the objection to this witness is SUSTAINED as his testimony about these events and reports would be cumulative.

11. Corrections Officer Thornton

    Plaintiff also proposes calling Officer Thornton to testify about Chernosky's response to the assault by other inmates. Similar to Moore and Bell, Officer Thornton responded to the assault *after* Defendant Chernosky - - who is the Defendant in Plaintiff's failure to intervene claim. Accordingly, for the same reasons stated above, the objection to this witness is SUSTAINED.

12. Major Conrad

    Plaintiff proposes calling Major Conrad to testify about his investigation of one of Plaintiff's grievances regarding his destroyed property. Conrad's testimony would be inadmissible hearsay and therefore the objection to this witness is SUSTAINED.

13. Kim Smith

    Plaintiff proposes calling Kim Smith to testify about Plaintiff's medical treatment after the assault by other inmates, a claim that was already dismissed. *See* Doc. No. 127. Plaintiff agreed that such testimony would be irrelevant to the claims remaining in this lawsuit and therefore the objection to this witness is SUSTAINED.

14. Capt. Hacherl

    Plaintiff proposes calling Capt. Hacherl to testify about inconsistent statements made by Defendants that contradict statements in grievance reports authored by Capt. Hacherl. The Court finds that this testimony is potentially relevant to Plaintiff's claims and OVERRULES the objection to this witness.

15. Capt. Mongelluzzo

    Plaintiff proposes calling Capt. Mongelluzzo to testify about his dismissed claim that legal materials were lost after being sent to the law library. *See* Doc. No. 171. Plaintiff agrees that such testimony would be irrelevant to the claims remaining in this lawsuit and therefore the objection to this witness is SUSTAINED.

16. T.D. Heffernan

    Plaintiff proposes calling T.D. Heffernan to testify about his dismissed claim that legal materials were lost after being sent to the law library. *See* [Doc. No. 171](Doc. No. 171). Such testimony would be irrelevant to the claims remaining in this lawsuit and therefore the objection to this witness is SUSTAINED.

17. Counselor G. Miller - - no objection to this witness

18. Dr. Rodney Bingham

    Plaintiff proposes calling this witness to testify about medical treatment he received following an assault. However, Defendants object and state that this physician provided medical treatment to Plaintiff following a different alleged assault that occurred on 7/17/14, which is not part of this lawsuit. Dr. Bingham would not have testimony relevant to Plaintiff's injuries that occurred during the May 2014 assault at issue in this lawsuit. Accordingly, Defendants' objection to this witness is SUSTAINED.

19. Corey Spencer (inmate) - - no objection to this witness

20. No witness named in Amended Witness List

21. Attorney Bret Grote (expert)

    Plaintiff proposes calling Attorney Bret Grote as an expert witness to testify about general prison conditions. However, Plaintiff has failed to submit an expert report or to otherwise comply with the Federal Rules of Civil Procedure pertaining to expert witness testimony. Further, Plaintiff has not established that Attorney Grote can offer any testimony regarding the specific retaliation, failure to protect,

and failure to intervene claims at issue. Accordingly, Defendants' objection to this witness is SUSTAINED.

22. Andre Jacobs (expert)

Plaintiff also proposes calling another inmate, Andre Jacobs, as an expert witness regarding damages. However, Plaintiff has failed to submit an expert report or to otherwise comply with the Federal Rules of Civil Procedure pertaining to expert witness testimony. The Court notes that Mr. Jacobs recently litigated his own case in the Western District of Pennsylvania, 2:08cv470. This experience, however, is not enough to qualify Mr. Jacobs as an expert witness on damages issues. Further, Plaintiff has not established that Mr. Jacobs can offer any testimony regarding the specific retaliation, failure to protect, and failure to intervene claims at issue. Accordingly, Defendants' objection to this witness is SUSTAINED.

23. Inmate Population Management Officer

Plaintiff requests the Inmate Population Management Officer to bring records of all inmates transferred at various times over the past several years to show "how transfers [are] done in the DOC." Plaintiff agrees that this testimony is irrelevant after the dismissal of his denial of promotional transfer claim. Defendants' objection to this witness is SUSTAINED.

24. Michael Bell

Plaintiff proposes calling Michael Bell, and identifies him as a Chief Grievance Officer. Plaintiff argues that it will be important for him to establish, to the jury, how a grievance gets to final review before a lawsuit. However, the grievance

process is no longer at issue in Plaintiff's case. Issues concerning exhaustion of administrative remedies have all been decided. *See e.g.* Doc. No. 171. Defendants' objection to this witness is SUSTAINED.

25. Sergeant Dickey

    Plaintiff agrees that Sergeant Dickey's testimony would be irrelevant to the claims that remain in this lawsuit. Defendants' objection to this witness is SUSTAINED.

26. Unit Manager Lopez

    Plaintiff agrees that Unit Manager Lopez's testimony would be irrelevant to the claims that remain in this lawsuit. Defendant's objection to this witness is SUSTAINED.

27. Sergeant Smead

    Plaintiff agrees that Sergeant Snead's testimony would be irrelevant to the claims that remain in this lawsuit. Defendant's objection to this witness is SUSTAINED. Defendants' objection to this witness is SUSTAINED.

28. Officer Watterson

    Plaintiff agrees that Officer Watterson's testimony would be irrelevant to the claims that remain in this lawsuit. Defendants' objection to this witness is SUSTAINED.

29. Corrections Officer Gillespie

    Although Officer Gillespie was not on Plaintiff's Amended Witness List, Plaintiff raised him as a potential witness at the pretrial conference. He proffers that Gillespie was one of the first officers to respond to the May 2014 assault, prior to

Defendant Chernosky, and that he has made statements that contradict Counselor Miller's statements regarding that event. Defendants object that Gillespie's testimony would be cumulative. The Court finds that Officer Gillespie's testimony is relevant to Plaintiff's failure to intervene claim and OVERRULES Defendants' objection.

Accordingly, Plaintiff's fifteen (15) trial witnesses will be:

- Defendant Burkhart
- Defendant Pack
- Defendant Haggerty
- Defendant Gilara
- Defendant Chiles
- Defendant Chernosky
- Major Ennis
- Officer Sible
- Officer Gotto
- Ian Gustafson
- Capt. Hacherl
- Counselor Miller
- Corey Spencer
- Officer Gillespie
- Plaintiff Tyrone Green

All witnesses shall testify live, in Courtroom 7C; video-conferencing shall not be permitted. The Court is mindful of travel and scheduling needs for these witnesses and will permit witnesses to be called out-of-order to minimize to minimize those concerns.

SO ORDERED, this 5th day of July, 2017,

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc: All ECF Registered Counsel of Record
**TYRONE GREEN**
EP-4593
SCI SOMERSET
10745 ROUTE 18
ALBION, PA 16475
PRO SE