IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TYRONE GREEN,

    Plaintiff,                         1:14cv0159
                                      ELECTRONICALLY FILED
    v.

RAYMOND BURKHART, et al.

    Defendants.

**MEMORANDUM ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DOC. NO. 204) AND MOTION TO CLARIFY (DOC. NO. 211)**

Plaintiff Tyrone Green has filed two new motions regarding the reconsideration of previous Orders related to alleged spoliation of evidence (both video and documents) and sanctions imposed by the Court.

Prior motions for sanctions for spoliation of evidence filed by Plaintiff were addressed during a conference held November 19, 2014, and by an Order issued by United States Magistrate Judge Baxter on August 11, 2015. Doc. No. 123. When this case was transferred to the undersigned District Judge for trial, all pleadings and previous rulings were reviewed. Pursuant to Magistrate Judge Baxter's Order at doc. no. 123, the Court directed the Parties to address the only remaining issue related to alleged spoliation of evidence, and imposed the sanction of a curative jury instruction. Doc. No. 182. Plaintiff asked for reconsideration of that Order, doc. no. 197, and was denied, doc. no. 200. In these two most recent filings, Plaintiff re-raises the same arguments regarding other video evidence and documentary evidence already ruled upon. *See* Doc. No. 204 and Doc. No. 211.

Reconsideration of prior court orders is generally inappropriate and is only proper "to correct manifest errors of law or fact" or to address newly discovered evidence. *Max's Seafood Cafe v. Quinterosh*, 176 F.3d 669, 677 (3d Cir. 1999), *quoting Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Plaintiff does not state any new law or facts that make a reconsideration of the prior orders regarding spoliation and sanctions appropriate, nor does he present any newly discovered evidence. Instead, he repeats the same recitation of grievance numbers that led Magistrate Judge Baxter to deny the motions for sanctions on August 11, 2015: "Plaintiff does not provide any information or argument as to how any of the requested videos are relevant to any of the numerous claims raised in this action. Instead, Plaintiff simply identifies each of the twelve missing videos at issue by reference to a Grievance Number." Doc. No. 64. Repetition of facts previously addressed does not constitute new facts or evidence that requires reconsideration by the Court. *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985) ("When Zlotnicki moved that the district court reconsider its summary judgment order, he argued that the court had erred, but he submitted no new evidence. He filed only his own affidavit containing evidence that was available prior to the summary judgment.").

Similarly, the Court has now twice ruled upon Plaintiff's repeated requests for sanctions related to documentary evidence. *See* Doc. No. 163 and Doc. No. 200. There is nothing left to clarify, and the Court will not reconsider its prior Orders based upon Plaintiff's repetitive arguments.

Plaintiff's Motion for Reconsideration, doc. no. 204, is DENIED. Plaintiff's Motion to Clarify, doc. no. 211, is DENIED.

SO ORDERED, this 7th day of July, 2017,

s/Arthur J. Schwab
Arthur J. Schwab,
United States District Judge