IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TYRONE GREEN,

      Plaintiff,                       1:14cv0159
                                           ELECTRONICALLY FILED
      v.

RAYMOND BURKHART,
JOHN HAGGERTY, JOHN GILARA,
DANIEL PACK, JOHN CHILES, and
SERGEANT CHERNOSKY,

      Defendants.

**MEMORANDUM ORDER RE:**
**VOIR DIRE, FINAL JURY INSTRUCTIONS, AND VERDICT FORM**

Jury Selection and Trial of this matter will commence on Monday, July 17, 2017 at 9:30 A.M. Currently pending before the Court are issues and objections related to Voir Dire, the Final Jury Instructions, and the Verdict Form.

**I.     Voir Dire**

At the Final Pretrial Conference on June 29, 2017, Plaintiff proposed three questions to be added to Voir Dire during the Jury Selection in this matter. Defense Counsel had no objection to the first question, but objected to the second and third questions. The Court indicated that it would incorporate Plaintiff's first proposed question, but that his second and third proposed questions - - which were broad and vague and sought open-ended opinions from potential jurors rather than information to determine whether something about this case or the potential juror would render the juror unable to be fair and impartial.

Accordingly, the Court has revised Question 13 to read as follows:

> Is there anything about the nature of this case or the parties (including that Mr. Green is incarcerated in prison) that would keep you from being a fair and impartial juror?

## II. Jury Instructions

Plaintiff also provided the Court with proposed jury instructions, which were filed at Doc. No. 207. The majority of Plaintiff's proposed jury instructions are based on the model instructions which the Court has already included in the Draft Final Jury Instructions. *See* Doc. No. 192. The Court will decline to include the specific factual allegations Plaintiff proposes for each instruction, because such information is misleading to the Jury.

Plaintiff has also included instructions for a claim under the Fourteenth Amendment for deprivation of due process. Doc. No. 207. The Court granted summary judgment on this claim. Doc. No. 127.

Finally, Plaintiff proposes the addition of Model Criminal Jury Instruction 4.18 concerning the testimony of corrections officers. Doc. No. 207. The Court finds that such an instruction is inappropriate in the context of a civil case where the corrections officers are the Defendants. The Final Jury Instructions will include the standard language concerning the credibility of witnesses.

## III. Verdict Form

Plaintiff filed this objection to the Draft Verdict Form, doc. no. 181:
Plaintiff['s] only objection is that Defendant Haggerty is a named Defendant in Plaintiff's Failure to Intervene/Failure to Protect claim; however, Defendant Haggerty was not included on the Verdict Form under that claim, nor was the claim of neglect and due process claims[.] Doc. No. 205.

The Court has reviewed Plaintiff's Third Amended Complaint, doc. no. 65. Plaintiff did not state a failure to intervene or failure to protect claim against Defendant Haggerty. Doc. No. 65. The Court previously granted summary judgment on Plaintiff's due process claims. Doc.

No. 127. The Court assumes that the "neglect" claim to which Plaintiff refers is the negligence claim stated in the Third Amended Complaint. Doc. No. 65. If so, summary judgment was also granted for that claim. Doc. No. 127.

Accordingly, Plaintiff's objection to the Draft Verdict Form is DENIED.

**IV. Conclusion**

The Court will file final Voir Dire, Final Jury Instructions, and the Verdict Form on the ECF system.

SO ORDERED, this 14th day of July, 2017,

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All ECF Registered Counsel of Record

**TYRONE GREEN**
EP-4593
SCI SOMERSET
1600 Walters Mill Road
Somerset, PA 15510
PRO SE